UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRENDAMARIE ALEXANDER,

       Plaintiff,

 -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, CEDRIC HALL, and
CARMEL MACKLIN

       Defendants.

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff Brendamarie Alexander, by her attorneys, Giles Law Firm LLC, complaining of defendants, alleges:

## PRELIMINARY STATEMENT

1. This action is brought by plaintiff Brendamarie Alexander against defendant New York City Department of Education to remedy unlawful discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. the New York State Human Rights Law, N.Y. Exec Law. §290 et seq., the New York City Human Rights Law, N.Y.C. Admin Code §§8-101, et seq., and 42 U.S.C. §1983.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over plaintiff's claims over the ADEA and 42 U.S.C §1983 pursuant to 28 U.S.C. §1331.

3. This Court has jurisdiction over plaintiff's claims under the New York State and New York City Human Rights laws under the Court's supplemental jurisdiction pursuant to 28

1

U.S.C. §1367 because those claims are so closely related to plaintiff's ADEA claims and are part of the same case or controversy under Article III of the United States Constitution.

4.   Plaintiff has exhausted all administrative remedies.  Plaintiff filed this complaint within 90 days of receipt of a "right to sue" letter from the United States Equal Employment Opportunity Commission via the United States Department of Justice, which plaintiff received on May 6, 2019.

5.   On October 23, 2017, plaintiff filed a Notice of Claim with defendant DOE through its agent, the New York City Corporation Counsel.  On June 25, 2019, plaintiff filed a second Notice of Claim with defendant apprising it of additional discriminatory conduct that had occurred since the filing of the initial notice of claim.  DOE has not made any payment on plaintiff's claims.

6.   Venue is proper within this district pursuant to 28 U.S.C. §1391 because defendant DOE is headquartered and, accordingly, resides in this district.

**PARTIES**

7.   Plaintiff Brendamarie Alexander is a resident of the State of New York and a licensed teacher.

8.   Defendant New York City Department of Education ("DOE") is a city school district established pursuant to Title II, Article 52-A of the New York State Education Law. N.Y. Educ. Law §2590 et seq.  Defendant is an "employer" as that term is defined under the ADEA, the New York State Human Rights Law, and the New York City Human Rights Law. Defendant DOE is a "person" acting under color of state law as defined in 42 U.S.C. §1983.

9.   Defendant Cedric Hall is an individual employed by DOE and is principal of the Eagle Academy for Young Men ("Eagle Academy") in Queens, New York.  Defendant Hall

engaged in and/or aided and abetted the unlawful conduct in the instant case and therefore meets the definition of "employer" in the New York State Human Rights Law and New York City Human Rights Law.  Defendant Hall is a "person" acting under color of state law as defined in 42 U.S.C. §1983.

10. Defendant Carmel Macklin is an individual employed by DOE and is assistant principal of Eagle Academy.  Defendant Macklin engaged in and/or aided and abetted the unlawful conduct in the instant case and therefore meets the definition of "employer" in the New York State Human Rights Law and New York City Human Rights Law.  Defendant is a "person" acting under color of state law as defined in 42 U.S.C. §1983.

## STATEMENT OF FACTS

11. Plaintiff has worked as an art teacher for the Department since the year 2001.

12. Plaintiff is currently 53 years old.

13. In 2015, plaintiff was assigned to work as an art teacher at Eagle Academy.

14. Throughout her employment with defendant, plaintiff's performance has always been satisfactory or more than satisfactory, and she has met all legitimate job related expectations.

15. Although plaintiff served in the job title of a classroom teacher, she was entrusted with administrative and supervisory duties such as art liaison, attendance coordinator, Senior Advisor, middle school coordinator, and coordinator of student activities.

16. In June 2016, Carmel Macklin became the Interim Acting Assistant Principal of Eagle Academy.  In August 28, 2017, Cedric Hall became principal of Eagle Academy.  Both Macklin and Hall are under 40 years old.

17. In May of 2017, plaintiff applied to enroll in the Emerging Leaders Program, a program administered by New Leaders, Inc. that trains teachers for supervisory and administrative roles. Plaintiff was accepted to the program and began attending in July of 2017.

18. In July of 2017, plaintiff was advised by DOE's Human Resources Department that she had been "excessed" from Eagle Academy. Excessing is a procedure by which schools reduce staff and is governed by procedures in the collective bargaining agreement between DOE and the United Federation of Teachers ("UFT"). At the time she was excessed, the prior principal for Eagle Academy, Matthew Hamilton, had been fired. Upon information and belief, the decision to excess plaintiff was made by defendant Macklin, the highest ranking official at Eagle Academy at the time.

19. Upon information and belief, Macklin excessed other teachers over the age of 40.

20. Plaintiff and other teachers who had been excessed objected to the decision to excess them. Plaintiff's union, the UFT, filed grievances concerning the improper excessing of teachers. In August 2017, plaintiff received a voice mail from defendant Hall informing her that he was the new principal and that he was looking into the excess. Ultimately, the excess was rescinded and plaintiff reported to work at Eagle Academy in September of 2017.

21. In that same email, Hall asked plaintiff for the contact information for Jacob Michelman, director of the Emerging Leaders Program. Plaintiff provided Hall with that information.

22. Later that same day, plaintiff received an email from Michelman. Michelman informed plaintiff that she was being removed from the program because the principal at her school, Hall, was new and unable to provide the mentoring that is part of the program.

23. Although plaintiff was removed from the Emerging Leaders program, the other teacher at the school, Marjorie Iglio, was allowed to remain in the program. Ms. Iglio is under 40 years of age.

24. Upon her return to Eagle Academy for the 2017-2018 year, plaintiff was advised that she would no longer perform the various administrative and supervisory duties that she had previously performed. Instead, these were given to Ms. Iglio and Taha Alassari, another teacher who, upon information and belief, is under 40 years old. Plaintiff was told that she would be required to assist Mr. Alassari if he needed her assistance.

25. Plaintiff had previously prepared a staff and student handbook for the school. This was a project plaintiff undertook as part of her Masters studies at Bank Street College. Plaintiff provided this handbook to former principal Hamilton and Macklin during the 2016-2017 school year.

26. During the 2017-2018 school year defendant Macklin and Ms. Iglio redistributed the handbook and published it as their own, making no changes except to rearrange some sections. When plaintiff objected to defendant Hall regarding the plagiarizing of her academic work, he took no action and told plaintiff she would have to take the matter up directly with Macklin. Plaintiff contacted defendant Macklin to discuss the situation. Defendant Macklin did not respond at all.

27. During the 2017-2018 school year, defendants intentionally made plaintiff's job more difficult by oversubscribing her classes and refusing to give her the resources she needed to teach. Plaintiff had a full teaching load of five classes, with as many as 40 students in one of her classes. Plaintiff was not provided with basic supplies needed to teach an art class. Plaintiff contacted the school's programmer to resolve the issues, and was ignored.

28. On September 17, 2017, while plaintiff was teaching one of her classes, she heard a male student screaming and cursing in the stairwell adjacent to the classroom. The student, J.L.[1] then looked into plaintiff's classroom and said and yelled "Where is he? Where the <expletive> is he? Look at my face!"

29. J.L. then pulled plaintiff into the stairwell. Plaintiff asked J.L. who had done this to him. During this time, a second teacher and a school safety agent came to the hallway as well. J.L. then saw another student on the stairwell and shouted "I'm going to get you! This isn't over!" J.L. dragged plaintiff along with him as he tried to confront the other student.

30. Plaintiff and the other adults in the hallway attempted to calm down J.L. and de-escalate the situation. J.L. violently resisted. The situation led to the intervention of two teachers (including plaintiff), two deans, a school safety agent, and a para-professional. The adults ultimately de-escalated the situation by restraining the student while an ambulance was called. J.L. was taken to a nearby hospital for treatment of his injury from the fight.

31. Rather than commend plaintiff for de-escalating a violent and dangerous situation, defendant attempted to fire plaintiff by claiming her restraint of the violent student amounted to "corporal punishment." Defendants' charges were baseless, and were brought against her not due to their merits, but due to plaintiff's age.

32. Of the five other adults involved in de-escalating the situation, all were younger than plaintiff. At least two other individuals placed their hands on J.L. and restrained him. None of the other adults, however, were charged with misconduct or, upon information and belief, even investigated for misconduct.

---

[1] The student will be referred to by initials in order to protect his privacy.

6

33. On October 3, 2017, defendant Hall advised plaintiff that she was being administratively reassigned pending a disciplinary hearing. Plaintiff was told to leave the building immediately and turn in her laptop. The school safety agent escorting plaintiff advised he that he was told by Hall to watch her because she may "get out of control" or become violent.

34. On or about October 4, 2017, plaintiff was sent to a "reassignment center" where she sat in a mail room with no duties.

35. On February 26, 2018, defendant served plaintiff with disciplinary charges seeking to revoke her tenure and terminate her employment. The only charges in the notice related to the September 17, 2017 incident.

36. On March 7, 2018, defendant served plaintiff with a "probable cause" notice seeking to suspend her without pay pending a hearing on the disciplinary charges. Probable cause notices are reserved only for disciplinary charges where a teacher is accused of sexual abuse of a student or of potential felony criminal conduct.

37. While at the reassignment center, plaintiff volunteered to assist the administrators with various administrative and professional development tasks. Lawrence Pendergast, the Executive Director for the Queens North Region of DOE, was so impressed with plaintiff's competency and work ethic that he encouraged her to apply for a position in the district office, provided her charges were resolved and defendant Hall agreed to allow her to leave Eagle Academy.

38. In October of 2017, plaintiff applied for such a position in District 10 of Queens. Plaintiff was advised by Melodie Mashel, superintendent of District 10 that she would hire her once her charges were resolved and she received permission from defendant Hall.

39. Ms. Mashel subsequently advised plaintiff that Defendant Hall would not release her from her assignment after the disciplinary charges were resolved, thereby foreclosing any opportunity to work in an administrative or professional development capacity.

40. On May 22, 2018, a "probable cause" hearing was held to determine if defendant could remove plaintiff from payroll. On June 15, 2018, hearing officer John Woods issued a decision finding that no probable cause existed to remove plaintiff from payroll.

41. A hearing on the charges themselves was held over seven days during May and June of 2018 in front hearing officer Lisa C. Charles. On July 12, 2018, hearing officer Charles issued her decision. Plaintiff was acquitted of all charges.

42. On September 17, 2018, plaintiff was assigned to teach at John Adams High School in Queens. When plaintiff arrived at her new assignment, the principal, Daniel Scanlon, advised her that there was no available spot for an art teacher at the school, that he did not understand why she had been placed there, and that he would only give her substitute teacher duties.

43. Plaintiff advised Mr. Scanlon that she was an art teacher and should be assigned as such. In response, Mr. Scanlon advised plaintiff that he had heard about her from defendant Hall and that she should just consider herself "lucky to be placed there."

44. Since then, principal Scanlon has continued to harass plaintiff by refusing to give her meaningful assignments, giving her negative teaching reviews that are both unfounded and in violation of department procedure, placing letters with false disciplinary charges in her file, and had other teachers record and surveil plaintiff with the intention of finding reason to terminate her.

45. As a result of defendants' discrimination and harassment of plaintiff based on age, plaintiff's career has hit a dead end.  Even after prevailing at two hearings acquitting her of all charges of misconduct, plaintiff has gone from a teaching position in her subject area, significant supervisory and administrative duties, and an opportunity for career advancement to a dead-end assignment performing menial work and subject to harassment by a hostile principal.  Plaintiff has lost significant compensation in the form of session pay for teaching afterschool assignments, as well as lost compensation from any promotional opportunities she was on track to receive.  Plaintiff has also suffered extreme emotional distress due to the discrimination and harassment against her, and needed to take restoration of health leave on April 15, 2019, leaving her without income during her leave period.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT DOE
### (Age Discrimination in Employment Act)

46. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "45" as if recited at length herein.

47. Defendants' conduct toward plaintiff, including but not limited to attempting to excess plaintiff, refusing to mentor her for the Emerging Leaders Program, stripping her of supervisory and administrative duties, taking credit for work performed by plaintiff, charging her with unfounded claims of misconduct, refusing to approve her request to transfer during reassignment, and continuing to harass her and deprive her of meaningful work after all charges of misconduct against her were dismissed, was based upon her age.

48. Defendants, through the aforementioned conduct, have violated the Age Discrimination in Employment Act, 29 U.S.C. §§621 *et seq*.

49. Defendants unlawful actions were willful as that term is used in 29 U.S.C. §626(b).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (New York State Human Rights Law)

50. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "49" as if recited at length herein.

51. Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law. N.Y. Exec. Law §290 *et seq.*

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (New York City Human Rights Law)

52. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "51" as if recited at length herein.

53. Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law, N.Y.C. Admin Code §8-101, et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (42 U.S.C. §1983)

54. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "53" as if recited at length herein.

55. The aforementioned conduct was taken under color of state law, regulation, policy, and practice, depriving plaintiff of her statutory and Constitutional rights to be free from discrimination on the basis of age.

56. Defendants, through the aforementioned conduct, have violated 42 U.S.C. §1983.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully asks that this Court enter a judgment:

a)  Declaring that defendant is in violation of the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1983;

b)  Enjoining defendant from engaging in any further violations of the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1988;

c)  Awarding plaintiff all lost wages and benefits pursuant to the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1988;

d)  Awarding plaintiffs compensatory damages pursuant to the the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1988;

e)  Awarding plaintiff liquidated damages for defendant's willful violations of the Age Discrimination in Employment Act;

f)  Awarding plaintiff appropriate equitable relief, including but not limited to reassignment and/or promotion and injunctive relief prohibiting further harassment and discrimination pursuant to the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1988;

g)  Awarding plaintiffs costs and reasonable attorneys' fees in this action pursuant to the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. §1988; and

h) Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
July 26, 2019

                                    Respectfully submitted,

                                    GILES LAW FIRM LLC
                                    Attorneys for Plaintiffs

                                    *Joshua Parkhurst*

                                    Joshua Parkhurst
                                    555 Madison Avenue, 16th Floor
                                    New York, NY 10022
                                    (201) 577-2644
                                    jparkhurst@gileslawfirmllc.com

## **JURY DEMAND**

Plaintiff hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in the above captioned action