No. 19-CV-07023(DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDAMARIE ALEXANDER,

                                          Plaintiff,

- against –

NEW YORK CITY DEPARTMENT OF
EDUCATION, CEDRIC HALL, and CARMEL
MACKLIN,

                                          Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT**

***GEORGIA M. PESTANA***
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-317*
*New York, New York 10007*

*Of Counsel: Rebecca Quinn*
*Tel. (212) 356-4382*
*Matter No. 2019-051216*

# Table of Contents

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ...................................................................................................................... 5

POINT I ............................................................................................................................ 5

PLAINTIFF HAS NOT PLED A PLAUSIBLE ADEA, NYSHRL OR 42 U.S.C.
SEC. 1983 CLAIM OF DISCRIMINATION .................................................................... 5

A. Motion to Dismiss Standard .................................................................. 5

B. Liability of the Defendants .................................................................... 6

C. Plaintiff has not sufficiently pled an age
discrimination claim under ADEA, NYSHRL, or
Section 1983 ........................................................................................... 7

i. Adverse Employment Actions .................................................... 8

ii. Inference of Discrimination ....................................................... 13

iii. Hostile Work Environment ....................................................... 19

POINT II ......................................................................................................................... 21

PLAINTIFF HAS NOT PLED A PLAUSIBLE NYCHRL CLAIM OF
DISCRIMINATION ...................................................................................................... 21

A. Age Discrimination ............................................................................... 21

B. Hostile Work Environment Under NYCHRL ...................................... 23

CONCLUSION .................................................................................................................. 23

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................5, 18

*Askin v. Dep't of Educ.,*
    110 A.D.3d 621 (1st Dep't 2013) ...........................................................22

*Bailey v. New York City Bd. Of Educ.,*
    536 F. Supp.2d 259 (E.D.N.Y. 2007) .....................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................5

*Berger v. New York City Police Dep't.,*
    304 F.Supp.2d 360 (S.D.N.Y. 2018).......................................................23

*Brodeur v. City of New York,*
    2002 U.S. Dist. LEXIS 4500 (S.D.N.Y. 2002)..........................................6

*Brown v. Henderson,*
    257 F.3d 246 (2d Cir. 2001).....................................................................20

*Canton v. Harris,*
    489 U.S. 378 (1989)..................................................................................6

*Carmellino v. Dist. 20 of the N.Y.C. Dep't of Educ.,*
    03 Civ.5942 (PKC), 2006 U.S. Dist. LEXIS 63705 (S.D.N.Y. Sep. 6, 2006).................11, 12

*Chung v. City Univ. of N.Y.,*
    605 F. App'x 20 (2d Cir. 2015) ...............................................................12

*Cruz v. Coach Stores, Inc.,*
    202 F.3d 560 (2d Cir. 2000).....................................................................20

*Day v. City of New York,*
    2015 U.S. Dist. LEXIS 161206 (S.D.N.Y. 2015)....................................22

*Delgado v. Triborough Bridge & Tunnel Auth.,*
    485 F. Supp.2d 453 (S.D.N.Y. 2007).......................................................11

*Dressler v. New York City Dep't. Educ.,*
    2012 U.S. Dist. LEXIS 44249 (S.D.N.Y. 2012) ......................................19

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998)..................................................................................19

*Finn v. N.Y. State Office of Mental Health – Rockland Psychiatric Ctr.*,
    2011 U.S. Dist. LEXIS 115950 (S.D.N.Y. 2011) ....................................18

*Fitzgerald v. Neighborhood Defender Serv.*
    769 F. Supp.2d 381 (S.D.N.Y. 2011).......................................................6

*Gallo v. Alitalia-Linee Aeree Italiane-Societa*
    *per Azioni*, 585 F. Supp. 2d 520 (S.D.N.Y. 2008) ..................................19

*George v. Burton*,
    2001 U.S. Dist. LEXIS 24 (S.D.N.Y. 2001) .............................................6

*Gillman v. Inner City Broad. Corp.*,
    2009 U.S. Dist. LEXIS 85479 (S.D.N.Y. 2009) ......................................16

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010)........................................................................7

*Hampton v. Bergreen*,
    173 A.D.2d 220 (1st Dep't 1991) ............................................................22

*Henderson v. City of N.Y.*,
    818 F. Supp. 2d 573 (E.D.N.Y. 2011) .....................................................20

*Ingrassia v. Health & Hosp. Corp.*,
    130 F. Supp. 3d 709 (E.D.N.Y. 2015) .................................................7, 18

*Johnson v. City of N.Y.*,
    669 F. Supp. 2d 444 (S.D.N.Y. 2009)................................................15, 16

*Kaisman v. Hernandez*,
    61 A.D.3d 565 (1st Dep't 2009) ..............................................................22

*Kaytor v. Elec. Boat Corp.*,
    609 F.3d 537 (2d Cir. 2010).....................................................................19

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)...................................................5, 14, 15, 18

*Lugo v. City of New York*,
    518 Fed. Appx. 28 (2d Cir. 2013) ...........................................................21

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)...................................................................................7

*McKenzie v. Meridian Capital Group,*
     35 A.D.3d 676 (2d Dep't 2006) ........................................................................22

*McKinney v. Bennett,*
     2009 U.S. Dist LEXIS 84713 (S.D.N.Y. 2009) ................................................17

*Melman v. Montefiore Med. Ctr.,*
     98 A.D.3d 107 (1st Dep't 2012) .......................................................................21

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,*
     715 F.3d 102 (2d Cir. 2013) .......................................................................21, 22

*Miller v. City of New York,*
     2018 U.S. Dist. LEXIS 73238 (S.D.N.Y. 2018) .........................................22, 23

*Monell v. Dep't. of Soc. Servs.,*
     436 U.S. 658 (1978) ...........................................................................................6

*Naumovski v. Norris,* 2019 U.S. App. LEXIS 23891 (2d Cir. Aug. 12, 2019) ..............................7

*Oncale v. Sundowner Offshore Servs.,*
     523 U.S. 75 (1998) .............................................................................................20

*Pimentel v. City of New York,*
     2002 U.S. Dist. LEXIS 8454 (S.D.N.Y. 2002) .................................................12

*Robinson v. Harvard Prot. Servs.,*
     495 F. App'x 140 (2d Cir. 2012) ......................................................................19

*Ruiz v. City of New York,*
     2015 U.S. Dist. LEXIS 117947 (S.D.N.Y Sept. 2, 2015) .............................14, 15

*Sanders-Peay v. N.Y. City Dep't of Educ.,*
     2014 U.S. Dist. LEXIS 161506 (E.D.N.Y. 2014) .............................................14

*Sekyere v. City of New York,*
     2009 U.S. Dist. LEXIS 28960 (S.D.N.Y. 2009) ................................................9

*Sotomayor v. City of N.Y.,*
     862 F. Supp. 2d 226 (E.D.N.Y. 2012) .............................................................8, 9

*Stephens-Buie v. Shinseki,*
     2011 U.S. Dist. LEXIS 68411 (S.D.N.Y. 2011) ................................................16

*Tepperwien v. Entergy Nuclear Operations, Inc.,*
     663 F.3d 556 (2d Cir. 2011) ..............................................................................12

*Terry v. Ashcroft,*
     336 F.3d 128 (2d Cir. 2003) ..........................................................................8, 10

*Thompson v. New York City*,
    2013 U.S. Dist. LEXIS 172993 (S.D.N.Y. 2013) ............................................................14, 17

*Trachtenberg v. Dep't of Educ.*,
    937 F.Supp.2d 460 (S.D.N.Y. 2013) ...........................................................................9, 20

*Tyson v. Town of Ramapo*,
    2019 U.S. Dist. LEXIS 48875 (S.D.N.Y. 2019) ....................................................................11

*Ulrich v. Moody's Corp.*,
    2014 U.S. Dist. LEXIS 145898 (S.D.N.Y. 2014) ...................................................................10

*Varughese v. Mount Sinai Med. Ctr.*,
    2015 U.S. Dist. LEXIS 43758 (S.D.N.Y. 2015) ....................................................................21

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F. 3d 72 (2d Cir. 2015) ...............................................................................................7, 13

*Vivenzio v. City of Syracuse*,
    611 F.3d 98 (2d Cir. 2010) ........................................................................................................7

*Walder v. While Plains Board of Educ.*,
    738 F. Supp. 2d 483 (S.D.N.Y. 2010) ..............................................................................11, 12

*Wash. v. County of Rockland*,
    211 F. Supp.2d 507 (S.D.N.Y. 2002) ....................................................................................11

*Whitfield-Ortiz v. Department of Educ. of the City of New York*,
    116 A.D.3d 580 (1st Dept. 2014) .....................................................................................8, 15

*Wolfe v. Time, Inc.*,
    702 F. Supp. 1045 (S.D.N.Y. 1989) ......................................................................................16

*Ya-Chen Chen v. City Univ. of N.Y.*,
    2015 U.S. App. LEXIS 18792 (2d Cir. N.Y. Oct. 28, 2015) .................................................21

**Statutes**

29 U.S.C. § 621 ...............................................................................................................................1

42 U.S.C. § 1983 ..................................................................................................................*passim*

Age Discrimination in Employment Act .............................................................................*passim*

Education Law § 3020-a .................................................................................................................4

N.Y. City Admin. Code §§ 8-101 to 131 .........................................................................1, 21, 23

N.Y. Exec. Law § 290 ..........................................................................................................*passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................1, 5

# PRELIMINARY STATEMENT

Plaintiff, Brendamarie Alexander ("Plaintiff"), a licensed teacher employed by the New York City Department of Education ("DOE"), brings claims of age discrimination against the DOE and individually-named defendants Cedric Hall ("Hall") and Carmel Macklin ("Macklin") under the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621, the New York State Human Rights Law ("NYSHRL"), codified at N.Y. Exec. Law § 290, the New York City Human Rights Law ("CHRL"), codified at N.Y. City Admin. Code §§ 8-101 to 131 and pursuant to 42 U.S.C. § 1983. Plaintiff alleges that she was discriminated against based on her age—presently 53—while employed at the Eagle Academy for Young Men in Queens, New York ("Eagle Academy") during the 2016-2017 and 2017-2018 school years and harassment during the 2018-2019 school year while employed at John Adams High School in Queens. Plaintiff initiated this action on July 26, 2019. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss the Complaint for failure to state a claim upon which relief can be granted.

Plaintiff has not plead facts sufficient to support her claim that she was discriminated against, as she does not allege circumstances form which an inference of discrimination based on her age may be adduced. Plaintiff's allegations amount to legal conclusions, stray incidents, and subjective beliefs that occurrences she experienced arose because of her age. In some instances while she alleges discrimination or harassment, she does not allege that this was a result of her age at all, and she does not allege conditions severe or pervasive enough to amount to a hostile work environment.

Moreover, Plaintiff fails to plead facts sufficient to support her claim that she suffered adverse employment actions. The sole potentially adverse action alleged in the Complaint was that Plaintiff was charged with corporal punishment and administratively

reassigned pending a disciplinary hearing. These charges were ultimately dismissed. Plaintiff asserts that the charges were brought against her because of her age, but offers little support for this conclusion.  In every other instance, that action that occurred was not adverse, and she offers insufficient facts to infer that the acts occurred because of her age.

Finally, while Plaintiff pleads that she received a "right to sue" letter from the Equal Opportunity Employment Commission on May 6, 2019[1], she has not plead the date that she filed her charge, which prevents Defendants and the Court from assessing the timeliness of her ADEA claim.

## STATEMENT OF FACTS[2]

Plaintiff Brendamarie Alexander ("Plaintiff") is a teacher employed by DOE. Complaint, Ex. 1, ¶ 11. Plaintiff  was an art teacher at the Eagle Academy during the 2016-2017 and 2017-2018 school years.  *See e.g.,* Ex. 1, ¶¶ 13, 18, 20. Although Plaintiff had the job title of classroom teacher, she alleges that she handled administrative and supervisory duties, such as Senior Advisor and coordinator of student activities. *Id.* at 15. Plaintiff is currently 53 years old. *Id.*, ¶ 12. Defendant Carmel Macklin became the Interim Acting Assistant Principal of Eagle Academy during the 2016-2017 school year. *Id.* at ¶16. Defendant Cedric Hall became the principal of Eagle Academy during the 2017-2018 school year. *Id.*

In July of 2017, Plaintiff alleges that she was advised by DOE that she had been excessed—or subject to staff reduction—from the Eagle Academy. She alleges that this decision was made by Macklin, after the principal during the 2016-2017 school year was fired and before

---

[1] Defendants note that the Notice of Right to Sue was mailed on February 28, 2019, over two months before Plaintiff alleges she received it.

[2] This statement of facts is derived from the material allegations of the Complaint, the veracity of which is assumed solely for the purposes of this motion. The Complaint is annexed hereto as Exhibit 1 to the Quinn Affirmation.

Hall became principal for the 2017-2018 school year. *See Id*. at ¶18. Plaintiff alleges that other teachers who were also over age 40 were excessed. *Id.* at ¶ 19. Ultimately, however, when Hall was appointed principal, Plaintiff alleges the excess was rescinded, and she reported to work for the 2017-2018 school year. Plaintiff also alleges that in August 2017, she was removed from the Emerging Leaders Program. *Id.* at ¶ 22. She was told she was being removed because Hall was new to Eagle Academy and not able to provide the mentoring the program required. *Id.* Plaintiff alleges that another teacher, Ms. Iglio, who was under age 40, remained in the Emerging Leaders Program. *Id.* at ¶23.

Plaintiff alleges that in the beginning of the 2017-2018 school year, she was advised that she would no longer be performing various administrative and supervisory duties. She alleges that these duties were given to other teachers who were under age 40. *Id.* at ¶ 24. Plaintiff also alleges that a student handbook that she created was distributed without credit being given to her. *Id.* at ¶ 26. She alleges that Macklin and Hall intentionally made her job more difficult by giving her five classes, with as many as 40 students in one of her classes and by not providing the resources she needed. *Id*. at ¶ 27.

On September 19, 2017, Plaintiff alleges that she was involved in de-escalating a situation with a student near her classroom. Plaintiff alleges that she and other adults attempted to calm the student down by restraining him. Plaintiff alleges that at least two other adults placed their hands on the student. She alleges that all of the other adults involved in restraining the student were younger than her. Plaintiff alleges that because of her age, she was charged with corporal punishment, while no other adults involved were charged. *Id.* at ¶¶ 28-32

On October 3, 2017, Hall advised Plaintiff that she was being administratively removed from the school pending a disciplinary proceeding after the incident with the student on

September 19, 2019. *Id.* at ¶ 33. Plaintiff thereafter reported to a "reassignment center" where she had no duties. *Id*. at ¶ 34. Nonetheless, Plaintiff volunteered to assist the administrators with various tasks and in October 2017 applied for a position in District 10 of Queens. *Id*. at ¶¶36-37. She was advised by the superintendent, Melodie Mashel, of District 10, that once the disciplinary charges were resolved and Hall gave permission, Plaintiff would be hired. *Id.* at ¶ 38. Mashel later told Plaintiff that Hall would not release her from her assignment. *Id*. at ¶39.

Plaintiff was served with disciplinary charges pursuant to Education Law § 3020-a on February 26, 2018. *Id*. at 35. On March 7, 2018 she received a notice that DOE was seeking to suspend her without pay pending a hearing on the charges. *Id.* at ¶ 36. On May 22, 2018, a hearing was held regarding whether there was probable cause to suspend Plaintiff without pay. On June 15, 2018, a decision was issued finding that no probable cause existed to remove Plaintiff from payroll. *Id.* at ¶ 40. The charges themselves were dismissed on July 21, 2018 after a hearing held in May and June 2018. *Id*. at ¶ 41.

Plaintiff was then assigned to teach on John Adams High School in Queens on September 17, 2018. *Id.* at ¶ 42. Plaintiff alleges that since arriving at John Adams High School she has been harassed by the principal, Daniel Scanlon. Plaintiff alleges that Scanlon informed her there was no spot for an art teacher, that she was "lucky to be placed there," that he refused to give her meaningful assignments, that he gave her negative teaching reviews, that false disciplinary charges and letters were placed in her file and that he had other teachers surveil her. *Id.* at ¶ 42-44. Plaintiff alleges that this harassment has forced her to take restoration of health leave as of April 15, 2019. *Id*. at ¶ 45.

# ARGUMENT

## POINT I

### PLAINTIFF HAS NOT PLED A PLAUSIBLE ADEA, NYSHRL OR 42 U.S.C. SEC. 1983 CLAIM OF DISCRIMINATION

#### A.    Motion to Dismiss Standard

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed. *Id.*; *Twombly*, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). In cases alleging discrimination in the employment context, the Second Circuit has held that *Iqbal* requires that the facts as pled give plausible support to a minimal inference of discriminatory motivation. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

**B.**     **Liability of the Defendants**

There is no individual liability under ADEA. *Fitzgerald v. Neighborhood Defender Serv.* 769 F. Supp.2d 381, 391 (S.D.N.Y. 2011). Plaintiff's claims, therefore, under ADEA must be dismissed as to Hall and Macklin. Both municipal and individual defendants can be liable under NYSHRL, NYCHRL and 42 U.S.C. § 1983. Plaintiff's claims pursuant to 42 U.S.C. § 1983, however, must be properly pled such that she can maintain a cause of action against DOE.

To hold a municipality liable under 42 U.S.C. § 1983 for the unconstitutional actions of its employees, including discrimination, a plaintiff must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bermudez City of New York*, 783 F.Supp. 2d 560, 575 (S.D.N.Y. 2011). Boilerplate allegations of a general municipal policy in a complaint, without factual allegations supporting the alleged policy, are insufficient to survive a motion to dismiss for failure to state a claim. *See e.g.*, *Brodeur v. City of New York*, 2002 U.S. Dist. LEXIS 4500, at *7 (S.D.N.Y. 2002) (court dismissing complaint against City where complaint "flatly asserts a policy but contains no factual allegations sufficient to establish a municipal policy or custom"); *George v. Burton*, 2001 U.S. Dist. LEXIS 24, at *5-6 (S.D.N.Y. 2001) (court dismissing complaint with prejudice where plaintiff "failed to proffer any facts in his complaint from which we can infer such a pattern or practice").

Here, Plaintiff merely alleges that the "aforementioned conduct was taken under the color of state law, regulation, policy and practice…" Ex. 1 at ¶ 55. Plaintiff fails to allege, however, any facts, other than her own experiences, to support her conclusory allegation that her

rights were deprived due to an official policy or custom. Plaintiff doesn't reference any written regulations, decisions of a policymaker, or widespread practice by DOE which cause the claimed harm suffered. *See* Ex. 1, generally. Plaintiff's cause of action under Section 1983 as against DOE, therefore, must be dismissed for failure to state a cause of action.

At the outset, therefore, Plaintiff can only maintain causes of action against DOE pursuant to ADEA, NYSHRL and NYCHRL and against Hall and Macklin pursuant to NYSHRL, NYCHRL and 42 U.S.C. § 1983.

**C.  Plaintiff has not sufficiently pled an age discrimination claim under ADEA, NYSHRL, or Section 1983.**

To plead a cause of action for age discrimination under ADEA, NYSHRL, and 42 U.S.C. Sec. 1983, Plaintiff must set forth sufficient facts showing that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenz*io *v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); *see Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106-107 (2d Cir. 2010); *Bermudez* 783 F.Supp. 2d 560. Accordingly, a plaintiff must show, inter alia, that she suffered an adverse employment action that occurred under circumstances giving rise to an inference of discrimination.  Additionally, the ADEA and Section 1983 require a plaintiff to allege that age was the "but for" cause for the employer's adverse action, not simply that it was a motivating factor. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F. 3d 72, 86 (2d Cir. 2015); *Naumovski v. Norris*, 2019 U.S. App. LEXIS 23891 (2d Cir. Aug. 12, 2019). Furthermore, Plaintiff must plead non-conclusory allegations to support her claims. *See Ingrassia v. Health & Hosp. Corp.,* 130 F. Supp. 3d 709, 720 (E.D.N.Y. 2015) ("[Plaintiff] must give fair notice of the grounds upon which her discrimination claim rests

– meaning that she must allege, in a nonconclusory fashion, that she suffered an adverse employment action because of her age..."); *see also Whitfield-Ortiz v. Department of Educ. of the City of New York*, 116 A.D.3d 580 (1st Dept. 2014) (dismissing complaint for failure to state a claim holding that plaintiff failed to plead discriminatory animus finding the complaint "contained no allegations of any…references to plaintiff's age.. nor…any factual allegations demonstrating that similarly situated individuals who did not share plaintiff's protected characteristics were treated more favorably than plaintiff").

### i. Adverse Employment Actions

An adverse employment action constitutes a "materially adverse change in the terms and conditions of employment." *Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 253 (E.D.N.Y. 2012) (internal citations omitted); *Bermudez,* 783 F. Supp.2d at 576. To that end, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (quoting *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)).

Here, Plaintiff does not allege any materially adverse changes to her employment. She does not allege that she was terminated, demoted or suffered any loss in compensation other than a speculative loss of session pay for teaching afterschool and speculative promotional opportunities she would have been on track for. She does not allege how she has lost these opportunities, nor how these losses were attributed to discrimination based on her age. *See generally*, Complaint, Ex. 1. Plaintiff does allege that she was transferred to a "reassignment center" on October 4, 2017. Ex. 1, ¶ 34. Besides this alleged transfer, the other actions alleged by Plaintiff do not rise to the level of adverse employment actions.

Plaintiff alleges that in July 2017, she was "excessed." *Id*. at ¶ 17. She then concedes, however, that the alleged excess was rescinded and that she reported to work in September 2017. *Id*. at ¶ 20. As Plaintiff was not actually excessed and returned to work, there was no adverse action suffered.

Next, Plaintiff alleges that she was dropped from the Emerging Leaders Program, administered by New Leaders, Inc. in August 2017. Plaintiff alleges that she was accepted to the program the previous month, in July 2017. *Id*. at ¶¶ 17, 22. She alleges that she was told by the director of Emerging Leaders Program that she was being removed because Hall, as a new principal, was unable to provide the mentoring required by the program. *Id*. at ¶ 22. Plaintiff does not plead that Defendants were responsible for administering the program, nor that they made the decision to remove her—in fact it was New Leaders, Inc. that ran the program and removed Plaintiff. Plaintiff also fails to allege any facts indicating that her removal from this program materially impacted the terms and conditions of her employment such that it would rise to the level of an adverse employment action. *See Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 468 (S.D.N.Y. 2013) (holding that plaintiff failed to plead that she experienced an adverse employment action where she alleges she was denied training opportunities); *Sekyere v. City of New York*, 2009 U.S. Dist. LEXIS 28960 at *12 (S.D.N.Y. 2009) (holding that plaintiff's not receiving training that other employees received was not an adverse employment action where plaintiff failed to "contend that her position was altered in any way by not receiving some specific training…or that she was…demoted, transferred or terminated for lack of some fundamental knowledge that she should have been provided"); *see also Sotomayor*, 862 F. Supp. 2d at 253.

Plaintiff then alleges that upon her return for the 2017-2018 school year, when the new principal, Hall, began, she was advised that she would no longer be performing various administrative duties that she previously performed. *Id.* at ¶24. An "alteration of job responsibilities," nonetheless, does not amount to an adverse employment action. *See Terry*, 336 F.3d at 138 (quoting *Galbaya,* 202 F.3d at 640). Plaintiff acknowledges that her position at Eagle Academy was as a classroom teacher. Ex. 1 at ¶14. The cessation of her additional responsibilities does not rise to the level of "significantly diminished material responsibilities" such that she suffered an adverse employment action. *See Terry*, 336 F.3d at 138.

Similarly, Plaintiff's allegation that Macklin and another teacher used Plaintiff's work on the Student Handbook without crediting her is not an adverse employment action as it is not alleged that this act bore upon Plaintiff's status as an employee or other such indices of adverse employment action. *See Terry*, 336 F.3d at 138, (quoting *Galbaya*, 202 F. 3d at 640, quoting *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)); *see also Ulrich v. Moody's Corp*., 2014 U.S. Dist. LEXIS 145898 at *60 (S.D.N.Y. 2014) ("…those petty slights or minor annoyances that often take place at work and that all employees experience—are not materially adverse") (quoting *Tepperwien v. Entergy Nuclear Operations, Inc.,* 663 F.3d 556, 558 (2d Cir. 2011)).

Likewise Plaintiff's allegation that she was assigned a full teaching load, with as many as 40 students in one class, and that she wasn't given basic teaching supplies, without more, does not rise to the level of an adverse employment action. Ex. 1 at ¶ 27. Plaintiff conceded that some of her additional responsibilities were taken away undermining any inference that having a "full teaching load of five classes" would materially impact the terms and conditions of her employment. Additionally, there are no allegations that other similarly situated

teachers had fewer classes or fewer students. *See Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp.2d 453, 461 (S.D.N.Y. 2007) ("While an increased workload is considered only a mere alteration of job responsibilities, a workload heavily disproportionate to those similarly situated has been held to be an example of an adverse action"). Furthermore, receiving inadequate supplies does not constitute an adverse employment action. *See Walder v. While Plains Board of Educ.*, 738 F. Supp. 2d 483, 498 (S.D.N.Y. 2010) (citing *Stoddard v. Eastman Kodak Co.*, 309 Fed. Appx. 475, 478-479 (2d. Cir. 2009)).

  As noted above, even assuming solely for purposes of this motion that Plaintiff's transfer to a reassignment center pending a disciplinary investigation was an adverse employment action, the initiation of the resulting disciplinary charges themselves in February 2018 does not rise to the level of an adverse employment action. "A notice of discipline issued against Plaintiff, without more, does not qualify as an adverse employment action." *Tyson v. Town of Ramapo*, 2019 U.S. Dist. LEXIS 48875, at *38-39 (S.D.N.Y. 2019) (internal citations omitted). *Carmellino v. Dist. 20 of the N.Y.C. Dep't of Educ.*, 2006 U.S. Dist. LEXIS 63705, at *157-58 (S.D.N.Y. 2006) ("The initiation of disciplinary proceedings alone does not constitute an adverse employment action if it has not resulted in any materially adverse change in the terms or conditions of employment") (internal quotations omitted); *Wash. v. County of Rockland*, 211 F. Supp.2d 507, 514 (S.D.N.Y. 2002); *Walder,* 738 F. Supp. 2d at 498-99. Here, Plaintiff alleges that the charges were dismissed and that she was assigned to teach at another school. Ex. 1 at ¶¶ 41-42. She does not allege any loss of income or other material alteration of her employment as a result of the initiation of the charges themselves. *See* Ex. 1 generally.

  Next, Plaintiff alleges that Hall refused to release her from her assignment at Eagle Academy so that she could pursue a position in District 10. Ex. 1, at ¶ 38, 39. Plaintiff

alleges that this foreclosed any opportunity to work in an administrative or professional development capacity. Aside from this being a broad and conclusory statement, there is no indication that this was an adverse employment action. Plaintiff does not allege that refusing to release her resulted in a loss of pay or benefits, or that the refusal was permanent, or denied her any future administrative opportunities. In fact, Plaintiff later pleads that she was transferred to another school, indicating that she was released from Eagle Academy at some time subsequent to the resolution of her disciplinary charges. Ex. 1, at ¶ 42. *See Pimentel v. City of New York*, 2002 U.S. Dist. LEXIS 8454 at *9 (S.D.N.Y. 2002). ("Denial of requested transfers that did not involve an upgrade in position or increase in wages is not an adverse employment action") (internal quotations omitted). A plaintiff's subjective feelings about the denial of a transfer have no bearing on whether an adverse employment action occurred. *Id. (*citing *Garber v. New York City Police Dept.*, U.S. Dist. LEXIS 12590 at * 4 (S.D.N.Y. Aug. 22, 1997)).

Finally, Plaintiff alleges that in September 2018, she was assigned to teach at John Adams High School where the principal made a comment about her being lucky to be there, where she has not received meaningful assignments, has received negative teaching reviews and has received letters with false disciplinary charges in her file. Ex. 1 at ¶ 42-44. These incidents, however, are not adverse employment actions. It has been held that "a negative performance review without more, does not represent an adverse employment action." *Chung v. City Univ. of N.Y.,* 605 F. App'x 20, 22 (2d Cir. 2015); *Tepperwien*, 663 F.3d at 570 (criticism of employee is not a materially adverse action). Additionally, as noted above, "[t]he initiation of disciplinary proceedings alone does not constitute an adverse employment action if it has not resulted in any materially adverse change in the terms or conditions of employment." *Carmellino* 2006 U.S. Dist. LEXIS 63705 at *157-58; *Walder,* 738 F. Supp. 2d at 498-99. Here, Plaintiff does not

allege that she has suffered any changes in the terms and conditions of her employment stemming from the comment made by the principal, the false disciplinary charges or negative teaching reviews during the 2018-2019 school year while assigned to John Adams High School. Plaintiff's allusion to the lack of meaningful assignments is vague and not specific enough to infer that it lead to a material change it the terms of her employment. Plaintiff does allege that she needed to take restoration of health leave, however, this determination was not initiated by Defendants, and while she alleges that she was left without income during this period, she has not indicated whether the time period is of such a length that it can be presumed to have materially altered her employment. Ex. 1 at ¶ 45; *See Bailey v. New York City Bd. Of Educ.,* 536 F. Supp.2d 259 (E.D.N.Y. 2007) (holding that there was no adverse employment action where plaintiff resigned after disciplinary charges were filed against him).

As Plaintiff has failed to allege any facts indicating that she suffered any adverse employment actions—aside from her transfer to a reassignment center in October 2017—her claims for discrimination under ADEA, NYSHRL and § 1983 related to all of the other alleged occurrences must be dismissed for failure to state a cause of action.

## ii.    Inference of Discrimination

Even if certain of the above actions are determined to be adverse, and despite Plaintiff's transfer to a reassignment center in October 2017, Plaintiff has failed to plausibly allege that any of the actions occurred under circumstances giving rise to an inference of age discrimination. In only some of the alleged instances in her Complaint does Plaintiff even plead, albeit in a conclusory fashion, that her age was a factor at all. In order to satisfy her burden at the pleading stage, Plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination giving rise to a plausible inference of discrimination." *Vega*,

801 F.3d at 87. A plaintiff may raise an inference of discrimination by alleging actions or remarks made by her employer that clearly reveal a discriminatory animus, or by showing that similarly situated employees received preferential treatment. *See Littlejohn*, 795 F.3d at 312; *Ruiz v. City of New York*, 2015 U.S. Dist. LEXIS 117947 at * 11 (S.D.N.Y Sept. 2, 2015). Where a plaintiff alleges that she was treated differently from other employees, "[a]t the motion to dismiss stage…a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated…[t]hus, well-pled facts showing that the plaintiff has been treated differently from others similarly situated, remains an essential component of such a claim and conclusory allegations of selective treatment are insufficient to state…a claim." *Thompson v. New York City,* 2013 U.S. Dist. LEXIS 172993 (S.D.N.Y. 2013). Furthermore, "[n]aked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." (quotations omitted). *Sanders-Peay v. N.Y. City Dep't of Educ.*, 2014 U.S. Dist. LEXIS 161506, at *8 (E.D.N.Y. 2014).

Plaintiff does not allege anywhere in the Complaint that anyone made remarks to her indicating an overt discriminatory animus. *See* Ex. 1, generally. Plaintiff also does not allege any facts that suggest an inference that any of the alleged adverse actions were motivated by age-based discriminatory animus. Rather, where Plaintiff does claim that an action occurred because of her age, she does so in the conclusory manner that what a happened to her did not happen to younger people.

First, with regards to Plaintiff' allegation that she was excessed, she concedes that the excess was rescinded and that she reported to work for the 2017-2018 school year. *Id.* at ¶¶

18, 20. Nonetheless, Plaintiff additionally merely pleads that upon information and belief other teachers over the age of 40 were excessed. *Id.* at ¶ 19. Plaintiff does not allege that she was excessed because of her age, or that younger teachers were not excessed. Plaintiff's pleadings are not sufficient to raise a plausible inference that she was excessed because of her age.

Second, with regards to Plaintiff's allegation that she was removed from the Emerging Leaders Program, Plaintiff alleges that another teacher, Ms. Iglio, remained in the program and that Ms. Iglio is under 40 years of age. Plaintiff, however, does not allege any facts to indicate that she and Ms. Iglio were similarly situated with regards to acceptance in the program, such that it can be plausibly inferred that age was the cause of Plaintiff's removal from the program. *See Johnson v. City of N.Y.*, 669 F. Supp. 2d 444, 450 (S.D.N.Y. 2009) ("The mere fact that plaintiff and [comparators] are of a different races, standing alone, is simply insufficient as a factual pleading to allege racially motivated discrimination for purposes of a plausible…claim). *See also Littlejohn*, 795 F.3d at 312; *Ruiz* 2015 U.S. Dist. LEXIS 117947 at * 11; *Whitfield-Ortiz*, 116 A.D.3d at 581. Additionally, Plaintiff alleges in the Complaint that the director of the Emerging Leaders Program provided a reason for her removal—that Hall, as a new principal, did not have the capacity to provide the required mentorship. Ex. 1 a ¶ 22.

Likewise, with regards to Plaintiff's allegation that during the 2017-2018 school year, she was told that she would not be performing some duties that she previously performed, Plaintiff fails to plead allegations sufficient to infer that this action was caused by discrimination based on her age. Ex. 1, ¶ 24. Plaintiff alleges that duties that she used to perform were assigned to Ms. Iglio and Mr. Taha Alassarri, who upon information and belief are under 40 years old. *Id.* at ¶ 24. Plaintiff fails to allege, however any facts indicating that she was otherwise similarly situated with Ms. Iglio and Mr. Alassari. Without factual allegations other than the conclusory

statement that Ms. Iglio and Mr. Alassari are under 40, there is not sufficient information to infer that Plaintiff was told she was no longer performing certain responsibilities based upon her age. There are no allegations, for example, that Ms. Iglio or Mr. Alassari were not equally qualified for the tasks, or that Ms. Iglio and Mr. Alassari did not have any tasks reassigned. Plaintiff does not indicate whether Mr. Alassari shared the same title as Plaintff. In fact, Plaintiff alleges elsewhere in the Complaint that a new principal started in the beginning of the 2017 school year, which supports the inference of a non-discriminatory reason for the reassignment of certain tasks amongst the employees. Simply stating that Plaintiff and her comparators are of a different age is not sufficient to state a claim of discrimination. *See Gillman v. Inner City Broad. Corp.*, 2009 U.S. Dist. LEXIS 85479, at *6 (S.D.N.Y. 2009) (granting motion to dismiss where plaintiff who alleged age discrimination pled inadequate information about the comparators or specific employment practices of the defendant); *Wolfe v. Time, Inc.*, 702 F. Supp. 1045, 1049 (S.D.N.Y. 1989) (no inference of age discrimination where employees who absorbed plaintiff's job functions were not "replacement employees" and "no one was hired to replace" plaintiff).

Regarding Plaintiff's allegations that her work on the student handbook was not credited Plaintiff alleges elsewhere in the Complaint that Macklin and Ms. Iglio, who distributed the student handbook, are under age 40. *See* Ex. 1 at ¶¶ 16, 24. Plaintiff does not, however, provide any additional facts that would permit the inference that she was not credited for her work on the handbook because of her age. For example, she does not allege that Macklin and Iglio credited themselves, or any other teachers, such that Plaintiff was treated differently at all. The "mere fact" that Plaintiff, Macklin and Iglio are of a different age is insufficient to raise an inference of discriminatory intent. *Stephens-Buie v. Shinseki*, 2011 U.S. Dist. LEXIS 68411, at *5 (S.D.N.Y. 2011); *Johnson*, 669 F. Supp.2d at 450.

Plaintiff's allegations that she was given a course load of five classes with as many as 40 students in one class, and that she was not given sufficient supplies are not supported by any pleadings that these actions occurred because of her age or that anyone younger than her, let alone similarly situated with her, was treated differently. *See* Ex. 1 at ¶¶ 25-27.

Next, with regards to the incident in September 2017, in which Plaintiff alleges she was subsequently wrongfully charged with corporal punishment for restraining a student, Plaintiff states in a conclusory fashion that the charges were brought against her because of her age. *Id.* at ¶ 31. Plaintiff states, conclusorily, that the other individuals involved in the incident were younger than Plaintiff. *Id.* She then states that two other individuals placed their hands on the student and restrained him, but that upon information and belief, these individuals were not charged with wrongdoing or investigated for misconduct. *Id.* Plaintiff, however, does not provide any details as to how the student was restrained or how she and the other two individuals placed their hands on and restrained the student such that, other than age, Plaintiff and the other two individuals were similarly situated. Additionally, Plaintiff makes no allegations that she was similarly situated with the other individuals in terms of their disciplinary history, such that it can be inferred that her age was the cause of her being investigated and charged while the others were not. *See Thompson v. New York City,* 2013 U.S. Dist. LEXIS 172993 at *30 (dismissing plaintiff's claim of discrimination and holding that plaintiff's allegations that he was similarly situated with a comparator "unacceptably conclusory" where he failed to offer facts supporting that they were subject to the same discipline and evaluation standards); *McKinney v. Bennett*, 2009 U.S. Dist LEXIS 84713 at *20 (S.D.N.Y. 2009) (dismissing a claim that an individual was selectively disciplined because of gender and race where plaintiff failed to show that the people he was comparing himself to had "a comparable disciplinary history to his own or to have any

disciplinary history at all"); *Finn v. N.Y. State Office of Mental Health – Rockland Psychiatric Ctr.*, 2011 U.S. Dist. LEXIS 115950 at *40 (S.D.N.Y. 2011) (considering the respective disciplinary histories of plaintiff and those he alleged did not suffer the same disciplinary consequences as him) (citing *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2000)) ("Where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employed must have a situation similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination").

Next, Plaintiff alleges that Hall refused to release her from her assignment at Eagle Academy so that she could pursue a position in District 10. Ex. 1, at ¶ 38, 39. Plaintiff's Complaint is devoid of any facts such that it can be inferred that this action was taken because of her age. *Id.*

Finally, Plaintiff's allegations as to harassment allegedly suffered during the 2018-2019 school year while assigned to John Adams High School are not supported by any facts, or any allegation at all, that the alleged harassment took place because of her age. Plaintiff merely states, in a conclusory fashion, that defendants act of "continuing to harass her and deprive her of meaningful work after all charges of misconduct against her were dismissed, was based upon her age." *Id.* at ¶ 47. This statement, without supporting facts allowing an inference of discriminatory motivation, does not satisfy pleading requirements for an age discrimination claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Littlejohn*, 795 F. 3d at 311; *Ingrassia,* 130 F. Supp. 3d at 720 ("[Plaintiff]…must allege, in a nonconclusory fashion, that she suffered an adverse employment action because of her age…").

### iii. Hostile Work Environment

While not explicitly plead in the Complaint, to the extent that the court finds that the Complaint includes claims of a hostile work environment under ADEA, NYSHRL and § 1983, Plaintiff has failed to allege facts sufficient to sustain those claims. To establish a claim for hostile work environment, a Plaintiff must show that "the workplace was so severely permeated with discriminatory intimidation, ridicule and insult that the terms and conditions of her employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2001); *Dressler v. New York City Dep't. Educ.*, 2012 U.S. Dist. LEXIS 44249 at *37 (S.D.N.Y. 2012). A plaintiff must plausibly allege that the complained-of conduct is objectively "severe or pervasive" and that such conduct was caused by the plaintiff's protected class. *See Robinson v. Harvard Prot. Servs.*, 495 F. App'x 140, 141 (2d Cir. 2012). Hostile work environment claims under ADEA, NYSHRL and 42 U.S.C. § 1983 are analyzed under the same standards. *Alfano*, 294 F.3d at 40-41.

A court considers "the *frequency* of the discriminatory conduct; its *severity*; whether it is *physically threatening or humiliating*, or a mere offensive utterance; and whether it *unreasonably interferes with an employee's work performance*." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010) (emphasis in original). This standard is intended to ensure the only actionable conduct is that which is sufficiently "extreme to amount to a change in the terms and conditions of employment." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted). In the Second Circuit, it is well-established that "'[s]imple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support' a hostile work environment claim." *Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni*, 585 F. Supp. 2d 520, 536 (S.D.N.Y. 2008) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210,

223 (2d Cir. 2004)). Periodic and episodic incidents are insufficient to establish a hostile work environment claim. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000).

Additionally, because anti-discrimination statutes are not intended to serve as "general civility codes," *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998), a plaintiff must allege that the hostile work environment was because of a protected characteristic. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001); *Bermudez v. City of N.Y.*; *Henderson v. City of N.Y.*, 818 F. Supp. 2d 573, 581 (E.D.N.Y. 2011) ("The dispositive principle [] is that the hostility must be 'discriminatory'—that is, based on race (or some other unlawful factor)." (internal citation omitted)).

Here, Plaintiff alleges incidents that took place over the course of the summer before the 2017-2018 school year culminating with her decision to take medical leave in April 2019. *See* Ex. 1, generally. Plaintiff alleges that she was "harassed" by the principal at John Adams High School who told her she was "lucky to be placed there" and refused to give her meaningful assignments, gave her negative teaching review, placed disciplinary letters in her file and had other teachers surveil her. *Id.* at ¶¶ 43-45. Without more, these allegations do not amount to a severe and pervasive level of harassment required to plead a claim of hostile work environment. *See Trachtenburg*, 937 F. Supp.2d at 472-473 (granting DOE's motion to dismiss a hostile work environment claim under ADEA finding that the sum of the conduct alleged fell well short of conditions sufficiently pervasive to alter the conditions of plaintiff's employment). Additionally, as discussed above, Plaintiff has not sufficiently linked the actions she alleges to have suffered with her age. Plaintiff did not plead any facts to support her conclusory statement that the "harassment by a hostile principal," which she alleges she suffered at John Adams High School, was "based on her age." Ex. 1 at ¶¶ 43-45, 47.

Because Plaintiff has failed to sufficiently plead causes of action for discrimination based on her age pursuant to ADEA, NYSHRL, and 42 U.S.C. § 1983, these claims must be dismissed.

## POINT II

### PLAINTIFF HAS NOT PLED A PLAUSIBLE NYCHRL CLAIM OF DISCRIMINATION

#### A.    Age Discrimination

Under the NYCHRL, a prima facie case of discrimination similarly requires that the plaintiff demonstrate that:  (1) he is a member of a protected class, (2) he was qualified to hold the position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination.  *See Ya-Chen Chen v. City Univ. of N.Y.*, 2015 U.S. App. LEXIS 18792, *39-40 (2d Cir. N.Y. Oct. 28, 2015); *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 112 (1st Dep't 2012).  To sustain a NYCHRL claim for discrimination, Plaintiff need not plead that the alleged employment action was *materially* adverse. *Varughese v. Mount Sinai Med. Ctr.*, 2015 U.S. Dist. LEXIS 43758 at *104-105 (S.D.N.Y. 2015).

While claims brought pursuant to the CHRL must be analyzed "separately and independently from any federal and state law claims," a plaintiff bringing a claim under the CHRL must nevertheless plead facts sufficient to suggest "that  her employer treated her less well, at least in part for a discriminatory reason."  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n. 8 (2d Cir. 2013).  The CHRL "still requires a showing of some evidence from which discrimination can be inferred."  *Lugo v. City of New York*, 518 Fed. Appx. 28, 30 (2d Cir. 2013).  Indeed, as the Second Circuit has clarified, "[w]hen applying this standard . . . district courts must be mindful that the [CHRL] is not a general civility code . . . [and] [t]he

plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." *Mihalik*, 715 F.3d at 110; *see also Askin v. Dep't of Educ.*, 110 A.D.3d 621, 622 (1st Dep't 2013) (actions taken against plaintiff must be the product of discriminatory intent). Additionally, "In order to use differential treatment as the basis for an inference of discrimination…a 'comparator must be similarly situated in all material respects [to the plaintiff.]'" *Day v. City of New York*, 2015 U.S. Dist. LEXIS 161206, at * 45-46 (S.D.N.Y. 2015) *quoting LeBlanc v. United Parcel Serv.*, 2014 U.S. Dist. LEXIS 50760 at *15 (S.D.N.Y. 2014). Further, the law is clear that bare legal conclusions or incredible factual claims are not presumed to be true for the purposes of a motion to dismiss. *Kaisman v. Hernandez*, 61 A.D.3d 565, 566 (1st Dep't 2009); *see also Hampton v. Bergreen*, 173 A.D.2d 220, 220 (1st Dep't 1991); *McKenzie v. Meridian Capital Group*, 35 A.D.3d 676, 676 (2d Dep't 2006).

As with her ADEA, NYSHRL and § 1983 claims, Plaintiff cannot demonstrate a link between her age and any action taken against her sufficient to sustain her NYCHRL claim. As discussed above, the facts alleged in the Complaint do not suggest that any action taken against Plaintiff was the product of discriminatory intent. While the showing under NYCHRL may be minimal, Plaintiff fails to meet even this lower threshold. *See Miller v. City of New York*, 2018 U.S. Dist. LEXIS 73238 at *119 (S.D.N.Y. 2018)("Under the NYCHRL's simplified inquiry, the plaintiff need only show that her employer treated her less well than other similarly situated employees…"). Here, Plaintiff merely alleges in a conclusory fashion that she suffered the alleged actions because of her age, or that people under 40 were treated differently, without alleging that she was similarly situated to the other individuals. Without any allegations, let alone facts, pled to indicate that Plaintiff was similarly situated with the other individuals, there can be no inference that she was treated differently, even in part, because of her age. *See Day,* 2015

U.S. Dist. LEXIS 161206 at * 45-46; *Miller,* 2018 U.S. Dist. LEXIS 73238 at *119. *See* Point II, sec. ii, *supra*. Plaintiff's claims under the CHRL must be dismissed.

**B.      Hostile Work Environment Under NYCHRL**

The pleading requirements to maintain a claim for hostile work environment under NYCHRL are the same as the requirements for maintaining a claim for discrimination under NYCHRL. That is, Plaintiff does not have to plead the incidents she suffered were severe and pervasive, but that "she has been treated less well than other employees because of her age." *Berger v. New York City Police Dep't.*, 304 F.Supp.2d 360, 373 (S.D.N.Y. 2018), *citing Mihalik*, 715 F.3d at 110.

As discussed above, Plaintiff has failed to plead sufficient facts to sustain an inference that the incidents she experienced were because of her age. *See* POINT III, Sec. A, *supra*. Plaintiff's claim for a hostile work environment under NYCHRL also, therefore, fails.


<u>**CONCLUSION**</u>

For the reasons set forth above, defendants respectfully request that the Court issue an order granting their motion to dismiss, dismissing the complaint in its entirety with prejudice, entering judgment for defendants, and granting defendants costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
    September 17, 2019

        **GEORGIA M. PESTANA**
        Acting Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street, Room 2-317
        New York, New York 10007
        (212) 356-4382
        rquinn@law.nyc.gov

      By: _____
         Rebecca G. Quinn
         Assistant Corporation Counsel