UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BRENDAMARIE ALEXANDER,

                                            Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, CEDRIC HALL, and CARMEL
MACKLIN,

                                            Defendants.
------------------------------------------------------------------x

**SO ORDERED STIPULATION AND PROTECTIVE ORDER**

19-CV-07023 (~~DAB~~) AJN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2021

       **WHEREAS**, the parties seek certain documents in advance of mediation of this action, and in discovery of this action, which the parties deem confidential; and

       **WHEREAS**, Defendants object to the production of documents protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 ("FERPA"), such as documents involving minor students, unless appropriate protection for the confidentiality of the information contained therein is assured;

       **WHEREAS**, Plaintiff objects to the production of medical records, including psychological and psychiatric records, protected by the Health Insurance Portability and Accountability Act, 45 CFR Part160; Part164(a) and (e), unless appropriate protection for the confidentiality of the information contained therein is assured; and

       **WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

1. **Definition of Confidential Information:** The following documents and information produced or provided by the Parties or nonparties during the course of this action, including during the course of discovery, may be designated by any Party as "Confidential Material:"

    a. any documents, including electronically-stored information and email communications, containing personal information of any present or former employee of the City of New York, including, but not limited to, information and documents regarding salary, payroll, pension, promotions, training, discipline, evaluations, post and tour assignments, actual or potential personnel action, investigation files, including DOE OSI (Office of Special Investigations) files, disciplinary files, including DOE OLR (Office of Labor Relations) files, and internal DOE Equal Employment Opportunity files;

    b. Any document(s) or information relating to any student, including but not limited to documents reflecting requests for student records, Individual Education Plans ("IEP"), grades, assignments, coursework, grievances and complaints, materials related to student appeals to the Grade Appeals Committee, subject to any and all confidentiality requirements independent of this Stipulation and Protective Order and Order for Production of Student Records ("this Protective Order" or "this Order"), including but not limited to the provisions of ("FERPA");

    c. Plaintiff's medical records, including but not limited to all psychological and psychiatric records, or any other information that reflects plaintiff's personally identifying information not otherwise publicly reported;

    d. any information of a personal or intimate nature regarding any individual, including, but not limited to, medical records or documents containing personal health information;

    e. any other category of information this Court subsequently affords confidential statusAny document(s); or

    f. information which counsel for the Parties agree should be considered Confidential Material;

2. Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"), or (b) are otherwise publicly available.

3. **Method of Designating Documents and Information as Confidential.** There are two methods by which the parties may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be designated as "Confidential." In addition, the parties may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 60 days after receipt of the final transcript by a party. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Stipulation and Confidentiality Order does not preclude or waive a

deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

4. **Subsequent Designation.** Documents or materials (collectively "documents") produced in this action that are not identified as Confidential Information when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by the parties by providing written notice to the respective counsel and any other person who received such documents. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5. **Contesting Confidential Designations.** The parties may object to the designation of information as "Confidential" by notifying opposing parties (or, for represented parties, the parties' counsel) in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, any Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents and the information contained therein as Confidential.

6. **Use and Disclosure of Confidential Information.** Information designated as "Confidential" and documents containing information that is "Confidential" shall be used solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

   a. the parties' counsel of record in this action, and members of their firm and/or office, including any contractors or individuals engaged by them in

connection with performing services in this litigation or disposition of this action;

b. the parties to this action;

c. the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

d. deponents, during the course of their depositions;

e. persons retained by the parties to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by the parties or engaged by them for the litigation or disposition of this action to perform investigative work, data entry, or fact research, or witnesses identified as potential trial witnesses, during their testimony or in preparation for testimony. who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 7, below; and

f. any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and.

Confidential Information or documents disclosed to persons defined in subparagraphs (a) through (e) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (e) of paragraph 6 nor shall any such information or documents be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be

attended only by the deponent, the deponent's attorney, the Parties, the Parties' counsel of record, the court reporter or videographer. All persons attending any deposition(s) in this case shall be subject to this Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

7. **Production of Confidential Information to Experts.** The Non-designating Party or, where represented, that Party's counsel, shall provide a copy of this Order to any person identified in 6(e) above who is to be provided access to the Confidential Information or documents containing Confidential Information and shall require such expert to sign Exhibit A, attached hereto (to be held by the Non-designating Party's counsel and provided to the Designating Party's counsel upon request) before receiving such information or documents.

8. **Use of Confidential Information.** Neither the documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Confidentiality Order. Except as further provided in this Confidentiality Order, no party nor any counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the disclosing party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room" or public discussion site, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information.

9. **Filing Documents Under Seal.** Where any party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, it must contact the producing party seven days in advance of or as soon as practical before such filing, and the party that has designated the documents Confidential may request sealing and or filing of redacted documents under seal or both. Alternatively, the party that has designated the documents Confidential may waive that designation, at which point the receiving party, if it desires, may request sealing and or filing of redacted documents under seal or both.

10. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Material, including all copies and non-conforming copies thereof, shall not be used by the Receiving Parties for any purpose. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

11. The Parties agree to the following regarding production of Protected Material as governed by Federal Rule of Evidence 502(d):

    a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action or in

any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Parties") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

c. Upon receiving a Clawback Demand, the Receiving Parties shall within five business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Parties sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Parties shall provide written assurance of these actions within five days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d. If the Receiving Parties identify a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the

Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e.  If any Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five business days of receiving the Clawback Demand, the Receiving Party or Parties may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privilege log, or any portion of the document that the parties agree is not Protected Material).

f.  The Receiving Parties shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before any Receiving Party receives a Clawback Demand shall not be a violation of this Order.

g.  The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

12. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

13. Nothing in this Order shall restrict the use or disclosure of any documents or information that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

14. Nothing in this Order is intended to or shall serve to waive or limit a party's right to review, object to the production of, withhold or redact documents or information (including metadata) for relevance and responsiveness, as permitted or required by state or federal statute, or on the basis of privilege. Further, nothing contained herein is intended to serve to limit a party's right to make redactions to any documents consistent with Rule 5.2 of the Federal Rules of Civil Procedure.

15. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

16. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: New York, New York
    February 2, 2021

Giles Law Firm
*Attorney for Plaintiff*
Joshua Parkhurst
555 Madison Avenue, 16th Floor
New York, NY 10022

_____
Joshua Parkhurst

JAMES E. JOHNSON
Corporation Counsel
 of the City of New York
*Attorneys for the City Defendants*
100 Church Street
New York, NY 10007

_____
By: Kami Z. Barker
    Assistant Corporation Counsel

**SO ORDERED:**

Dated: February 3, 2021

_____
ALLISON J. NATHAN
United States District Judge

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices, as relevant. SO ORDERED.

## EXHIBIT A

I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2021, in the action <u>Alexander, Brendamarie v. DOE, et. al.,</u> Civil Case Number 19-CV-7023 (AJN), and understand the terms thereof.

I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation

Case 1:19-cv-07023-AJN Document 331 Filed 02/04/21 Page 12 of 12