```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brendamarie Alexander,

                      Plaintiff,

-against-

New York City Department of Education et al.,

                      Defendants.

1:19-cv-07023 (JMF) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion by Defendants New York City Department of Education ("DOE"), Carmel Macklin and Cedric Hall (collectively, the "Defendants") for the Court to reconsider, amend or grant relief from the Court's January 3, 2022 Order denying Defendants' motion to serve an amended subpoena[1] on Harlem Village Academies ("HVA"), a former employer of Plaintiff Brendamarie Alexander ("Plaintiff" or "Alexander"), based on the discovery of new evidence. (Defs.' 4/1/22 Ltr. Mot., ECF No. 70.) For the reasons set forth below, Defendants' Letter Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This is the third occasion that the Court is addressing the issuance of a subpoena to HVA. In this action, Plaintiff asserts claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the New York State Human Rights Law, N.Y. Exec. Law §§ 290–97, the New York

---

[1] Defendants' amended draft subpoena seeks the following documents from Alexander's personnel file at HVA: "performance evaluations, disciplinary records, any complaints of discrimination by or against Ms. Alexander, the reason for her separation, and any separation agreements." (*See* Draft Subpoena, ECF No. 47-1.) In a marginal notation on the draft subpoena, it also seeks Alexander's salary records. (*See id.* (stating in margin "plus salary records").)

City Human Rights Law, N.Y. City Admin. Code §§ 8-101–31 and 42 U.S.C. § 1983. (*See* First Am. Compl. ("FAC"), ECF No. 16, ¶¶ 61-94.) Plaintiff, who has worked at DOE since 2001, alleged, among other things, that the Defendants discriminated against her on the basis of age and subsequently retaliated against her. (*See id*. ¶¶ 11, 61-94.) As relevant here, Plaintiff took a leave of absence for the 2019-2020 school year allegedly "to be free from the repeated harassment and discrimination she ha[d] been subjected to since 2017." (*See id*. ¶ 58.) During her leave of absence, Plaintiff taught at HVA (a charter school), where she alleges she earned less money and received inferior benefits. (*See id*.)

On October 18, 2021, Defendants' counsel advised Plaintiff's counsel that she intended to serve a subpoena on HVA seeking Plaintiff's employment file. (Defs.' 10/18/21 Ltr., ECF No. 10, at 2.) The HVA subpoena sought "the entire personnel/employment file for former teacher, Brendamarie Alexander." (*See* Pl.'s 10/18/21 Ltr. Mot. Ex. A, ECF No. 39-1; Defs.' 10/18/21 Ltr., Ex. A, ECF No. 40-1.) The same day that Plaintiff received a copy of the subpoena, Plaintiff filed the instant Letter Motion to quash the HVA subpoena and Defendants filed their letter in response. (*See* Pl.'s 10/18/21 Ltr. Mot.; Defs.' 10/18/21 Ltr.) In her motion to quash, Plaintiff asserted that she intended to stay employed at DOE, but that she may reapply to HVA if she is terminated from DOE. (*See* Pl.'s 10/18/21 Ltr. Mot. at 1-2.) Plaintiff asserted that "the subpoena will serve no purpose other than to cause suspicion and distrust by a potential future employer." (*See id*. at 2.)

On October 28, 2021, the Court granted Plaintiff's motion to quash Defendants' subpoena seeking Plaintiff's "entire personnel/employment file" from HVA, without prejudice to Defendants proffering to Plaintiff a narrowly tailored subpoena, and seeking intervention by the

2

Court no later than November 12, 2021, if the parties were unable to agree to the contents of such subpoena. *See Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 375 (S.D.N.Y. 2021).

Defendants failed to timely comply with the Court's October 28, 2021 Order, but on December 29, 2021, Defendants filed a Letter Motion seeking leave to serve a revised subpoena on HVA. (Defs.' 12/29/21 Ltr. Mot., ECF No. 47.) On January 3, 2022, the Court issued an Order denying Defendants' Letter Motion, finding that it was untimely and that "Defendants ha[d] not provided an adequate factual basis for seeking from HVA 'performance evaluations, disciplinary records, any complaints of discrimination by or against Ms. Alexander, the reason for her separation, and any separation agreements,' as requested in the revised subpoena." (*See* 1/3/22 Order, ECF No. 48, at 3.) The Court also found that the revised subpoena was not proportional to the needs of the case, given the apparent lack of importance that the Defendants apparently attached to the subpoena, based upon their failure to timely comply with the Court's October 28, 2021 Order. (*See id*. at 4.)[2]

On March 9, 2022, Plaintiff testified at deposition about her employment at HVA. (Defs.' 4/1/22 Ltr. Mot. at 1.) At her deposition, Plaintiff was shown Facebook posts, dated July 5, 2021, which stated that Plaintiff resigned from a school because someone younger than her told Plaintiff "how [she] should teach." (*See* Facebook posts, ECF No. 70-1.) Plaintiff testified that the school to which she was referring was HVA. (*See*; Alexander Tr., ECF No. 70-2, at 203-04.) Thus, according to Plaintiff, she "was not fired, but left of her own accord." (*See* Pl.'s 4/6/22 Ltr., ECF

---

[2] On January 18, 2022, Defendants filed objections to the Court's January 3, 2022 Order. (Defs.' Objs., ECF No. 49.) On April 12, 2022, those objections were overruled without prejudice to renewal. (4/12/22 Order, ECF No. 73.)

No. 71, at 2.) Defendants received the deposition transcript on March 25, 2022. (Defs.' 4/1/22 Ltr. Mot. at 1.)

On April 1, 2022, Defendants filed the instant motion "request[ing] that the Court reconsider its denial of defendants' request to serve an amended subpoena on [HVA] due to the discovery of new evidence . . . ."[3] (*See* Defs.' 4/1/22 Ltr. Mot. at 1.) On April 6, 2022, Plaintiff filed her letter in opposition. (*See* Pl.'s 4/6/22 Ltr.)

## **LEGAL STANDARDS**

"[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, No. 19-CV-03376, 2021 WL 922756, at *11 (2d Cir. Mar. 11, 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). The decision to grant or deny a motion for reconsideration lies in the sound discretion of the Court. *See City of Birmingham Ret. & Relief Sys. v. Credit Suisse Grp. AG*, No. 17-CV-10014 (LGS), 2019 WL 2136902, at *1 (S.D.N.Y. May 16, 2019) (citations omitted).

## **ANALYSIS**

The Court, in its discretion, grants in part Defendants' motion and grants leave to Defendants to serve a subpoena on HVA for Plaintiff's "performance evaluations, disciplinary records, any complaints of discrimination by or against Ms. Alexander, the reason for her

---

[3] In the alternative, Defendants ask the Court to amend its prior Order, pursuant to Rule 59, or to grant defendants relief from that Order under Rule 60(b). (*See* Defs.' 4/1/22 Ltr. Mot. at 1.) However, since the Court is granting Defendants relief on their motion for reconsideration, the Court need not, and does not, address the alternative grounds raised.

separation, and any separation agreements," as requested in the revised subpoena. (*See* Draft Subpoena.) Based upon the evidence adduced during Plaintiff's deposition, Defendants now have provided an adequate factual basis for seeking these documents from HVA.

Plaintiff asserts in this action that Defendants engaged in discriminatory conduct by stripping her of supervisory and administrative duties, taking credit for work performed by her, charging her with unfounded claims of misconduct, refusing to approve her request to transfer during reassignment, bringing subsequent charges and investigations against her, harassing her and depriving her of meaningful work. (*See* FAC ¶ 62; *see also* Alexander Tr. at 134-35, 189-90.) Defendants contend that they had legitimate nondiscriminatory reasons for the actions they took against Plaintiff. (*See* Defs.' 4/1/22 Ltr. Mot. at 3.) Defendants argue that they "will present evidence that plaintiff refused to receive feedback from administrators, parents, or students, and each time plaintiff was negatively evaluated or disciplined, she claimed it was discrimination or harassment." (*See id*.)

Although a close call, the circumstances surrounding Plaintiff's separation from HVA about which Plaintiff testified at her deposition, and which previously were not before the Court, in the Court's view, could provide relevant evidence. *See Mirkin v. Winston Res., LLC*, No. 07-CV-02734 (JGK) (DF), 2008 WL 4861840 (S.D.N.Y. Nov. 10, 2008) (permitting service of subpoena on former supervisor who could provide evidence relevant to defense that Plaintiff terminated for legitimate, non-discriminatory reasons).[4] Moreover, at the time that the Court first quashed the HVA subpoena, the Court was advised by Plaintiff that Plaintiff might reapply to HVA if she was

---

[4] The Court, of course, takes no position as to whether any evidence adduced from HVA will be admissible at trial.

terminated from DOE and that the subpoena would "cause suspicion and distrust by a potential future employer." (*See* Pl.'s 10/18/21 Ltr. Mot. at 1-2.) Now that the Court has leaned that Plaintiff resigned from HVA, and the circumstances of her departure, the Court finds any "burden imposed on Plaintiff by Defendant[s'] subpoena is slight."[5] *See Mirkin*, 2008 WL 4861840 at *1.

Defendants' Letter Motion is denied to the extent that it seeks Plaintiff's salary records from HVA. Plaintiff already has provided Defendants with documents reflecting her salary from HVA. (*See* Pl.'s 4/6/22 Ltr. at 1 n.1.)

## **CONCLUSION**

For the foregoing reasons, Defendants' Letter Motion (ECF No. 70) is GRANTED IN PART and DENIED IN PART. Defendants hereby are granted leave to serve a subpoena on HVA for Plaintiff's performance evaluations, disciplinary records, any complaints of discrimination by or against Plaintiff, the reason for her separation and any separation agreements.

**SO ORDERED.**

Dated:   New York, New York
         April 15, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[5] In a footnote at the end of her response letter, Plaintiff states: "To the extent the Court is inclined to reconsider its prior ruling, any use of discovery in this case should be governed by an appropriate protective order preventing defendants from using the information outside of this action." (*See* Pl.'s 4/6/22 Ltr. at 3 n.4.) A Protective Order already was entered in this action, which governs the use of information designated as confidential. (*See* Prot. Order, ECF No. 33, ¶ 8.) To the extent that documents produced by HVA are confidential, Plaintiff may seek confidential treatment for such documents, pursuant to the terms of the Protective Order.